**Ronald SPARKOWICH, Plaintiff,**

v.

**AMERICAN STEAMSHIP OWNER'S MUTUAL PROTECTION AND INDEMNITY ASSOCIATION, INC., Defendant.**

**Civ. No. 87–0370 P.**

United States District Court,
D. Maine.

July 6, 1988.

---

U. Charles Remmel, R. Terrance Duddy, Kelly, Remmel & Zimmerman, Portland, Me., for plaintiff.

Martin R. Johnson, Donna M. Katsiaficas, Johnson, Jewell & Boutin, Portland, Me., for defendant.

## MEMORANDUM OF DECISION AND ORDER GRANTING SUMMARY JUDGMENT UNDER FED.R.CIV.P. 56

GENE CARTER, District Judge.

In this action, the plaintiff, a seaman and a judgment creditor, attempts to proceed under Maine's "Reach and Apply" statute, 24-A M.R.S.A. § 2904,[1] against the insurer of a shipowner, who is the judgment debtor.[2] Before the court are the plaintiff's motion to amend the complaint, the defendant's motion to dismiss or for summary judgment, and the plaintiff's motion for summary judgment.

The plaintiff originally asserted diversity subject matter jurisdiction, and he now seeks to amend his complaint by adding a count in admiralty based on the maritime nature of the insurance policy in question. The defendant has not objected to this motion nor asserted any prejudice to his defense.[3] The amendment of a pleading to add an identifying statement regarding an admiralty claim is permitted under Fed.R. Civ.P. 9(h) and 15. Our legal system has long recognized that a marine insurance policy brings an action within federal admiralty jurisdiction, although state law is applied in the construction and application of that policy. *See Wilburn Boat Co. v. Fireman's Fund Insurance Co.,* 348 U.S. 310, 75 S.Ct. 368, 99 L.Ed. 377 (1955), citing *Insurance Co. v. Dunham,* 11 Wall 1, 20 L.Ed. 90 (1871). Accordingly, I hereby *GRANT* the plaintiff's motion to amend the complaint under Fed.R.Civ.P. 15(a). I also *GRANT* the plaintiff's motion to exceed the five page limit applicable to reply memoranda under Local Rule 19(e).

The defendant American Steamship has moved to dismiss or for summary judgment based on lack of personal jurisdiction in diversity, lack of personal jurisdiction in admiralty, insufficiency of service of process, and improper venue. The plaintiff has objected to this motion. Pursuant to Local Rule 19(b), the defendant has submitted a statement of material facts, an affidavit, and interrogatory answers. The court, therefore, treats this as a motion for

---

1. The "Reach and Apply" statute permits a judgment creditor under certain circumstances to proceed directly against a judgment debtor's insurer.

2. On September 9, 1987 this court entered judgment for the plaintiff against the judgment debtor, Prudential Lines, in the amount of $75,000.

3. The court notes that the plaintiff's motion to amend was filed six days after the deadline for such motions as established by Scheduling Order of this court.

summary judgment; under Fed.R.Civ.P. 56 the test is whether the movant has established the absence of any genuine issue of material fact.

In its statement of material facts and affidavit, the defendant asserts that it is a New York corporation, that the insurance policy in question was issued and delivered in New York, that it was never registered to do business in Maine, that it never insured a Maine entity, and that it has never before this case hired Maine counsel. The plaintiff does not controvert these facts[4] but appears to rely on this court's assertion of personal jurisdiction over the judgment debtor in the previous action, *see* n. 2, *supra,* and on the argument that insurance is a product in the stream of commerce.[5]

In a diversity action, a federal court's jurisdictional reach is governed by " 'traditional notions of fair play and substantial justice' " embodied in the Due Process Clause of the Fourteenth Amendment. *International Shoe v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The Due Process Clause thus protects an individual from suit in a forum with which that individual has had no meaningful "contacts, ties, or relations." *Id.* at 319, 66 S.Ct. at 159. To be subject to the court's personal jurisdiction, an individual need not be physically present in the forum but must have purposefully directed his activities towards the residents of the forum; the delivery of products " 'into the stream of commerce with the expectation that such products will be purchased by consumers in the forum state' " is considered a sufficiently meaningful contact. *Burger King v. Rudzewicz,* 471 U.S. 462, 473, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985), citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297–98, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

But a defendant may "not be haled into a jurisdiction solely as a result of . . . 'fortuitous' . . . contacts," *Burger King,* 471 U.S. at 475, 105 S.Ct. at 2183, citing *World–Wide Volkswagen, supra,* "or of the 'unilateral activity of another party or third person,' " *id.,* citing *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 417, 104 S.Ct. 1868, 1873, 80 L.Ed.2d 404 (1984). Nor may a state exercise jurisdiction over an absent defendant with no forum contacts based solely on the fact that the defendant's insurance company does business in that state. *Rush v. Savchuk,* 444 U.S. 320, 330, 100 S.Ct. 571, 578, 62 L.Ed.2d 516 (1980).

■ Based on the foregoing principles, the court rejects the plaintiff's first argument that the assertion of personal jurisdiction over the defendant's insured in the prior judgment is somehow imputed to the insurer. Such an imputation would indeed violate " 'traditional notions of fair play and substantial justice,' " *International Shoe, supra,* 326 U.S. at 316, 66 S.Ct. at 158, and would appear to rely on the " 'unilateral activity of . . . a third person,' " *Helicopteros Nacionales supra,* 466 U.S. at 417, 104 S.Ct. at 1873. Moreover, the Supreme Court has stated explicitly that although an insurance company may be " 'found,' in the sense of doing business, in all 50 states and the District of Columbia" based on the fortuitous presence of one of its insureds, "such a 'contact' can have no jurisdictional significance." *Rush v. Savchuk, supra,* 444 U.S. at 330, 100 S.Ct. at 578.

■ The plaintiff also argues that insurance protection travels with the insured's vessels and takes on the same qualities as a product which is purposefully delivered into the stream of commerce, thereby es-

---

**4.** The plaintiff appears to assert that the defendant has significant contacts with Maine based on the defendant's alleged statement in an interrogatory answer that its policies do not prohibit vessels which it insures from conducting business in Maine. Plaintiff's Memorandum of Law In Opposition to Defendant's Motion to Dismiss p. 4. That interrogatory answer does not appear in the record, however, and it is therefore not considered.

**5.** The court notes the plaintiff's additional argument that since the defendant consented to service it is now precluded from objecting to the court's jurisdiction. A defendant may timely raise lack of personal jurisdiction, however, by its assertion in a responsive pleading, which the defendant here has done in its answer. Fed.R. Civ.P. 12(h)(1); Wright & Miller, *Federal Practice and Procedure* § 1351 (1969). Thus, this argument is unavailing.

tablishing a sufficiently meaningful contact with this forum. The plaintiff relies on *Hedrick v. Dalko Shoji Co., Ltd., Osaka,* 715 F.2d 1355 (9th Cir.1983), where the court determined that the Japanese manufacturer of a defective wire rope had purposefully directed his activities towards any forum where injury could occur because the product had been specifically intended for use in ocean-going vessels. Here, the plaintiff has made no allegation which suggests that the ship was ever within the territorial reach of Maine, or that the injury occurred in Maine. Moreover, the language of *Rush v. Savchuk, supra,* establishes conclusively that, without more, an insurance obligation cannot be considered a jurisdictionally significant contact. The court concludes, therefore, that the plaintiff has failed to show sufficient minimum contacts with the forum to permit this court to assert personal jurisdiction over the defendant on the diversity count.

■ The plaintiff has also brought a count in admiralty, and the defendant has challenged the court's ability to assert personal jurisdiction on this count. Admiralty comes under federal question subject matter jurisdiction, and thus raises issues of federal law, not state law. In contrast to diversity cases, in which courts adjudicate state-created rights and adhere to Fourteenth Amendment due process standards and state long-arm statutes in determining the limits of personal jurisdiction, admiralty cases might logically depend on Fifth Amendment due process standards, Wright & Miller, *Federal Practice and Procedure* § 1067.1 (1969). Despite nondiversity subject matter jurisdiction, however,

> before a court may exercise personal jurisdiction over a defendant, there must be more than notice to the defendant and a constitutionally sufficient relationship be-

tween the defendant and the forum. There must also be a basis for the defendant's amenability to service of summons. Absent consent, this means there must be authorization for service of summons on the defendant.

*Omni Capitol International v. Rudolf Wolff & Co., Ltd.,* —— U.S. ——, 108 S.Ct. 404, 406, 98 L.Ed.2d 415 (1987). Thus, "under Rule 4(e), a federal court normally looks either to a federal statute or to the long-arm statute of the State in which it sits to determine whether a defendant is amenable to service, a prerequisite to its exercise of personal jurisdiction." *Id.* Accordingly, the only situation in which the assertion of nondiversity personal jurisdiction is not governed by the local long-arm statute occurs when Congress has specifically authorized statutory nationwide service of process.[6]

■ In this case, the plaintiff has not identified any vehicle for service of process other than the state long-arm statute, 14 M.R.S.A. § 704–A. Although Maine's long-arm statute permits jurisdictional reach coextensive with the full reach under the due process of the Constitution, personal jurisdiction under that statute is still limited by the minimum contacts test. *Harriman v. Demoulas Supermarkets, Inc.,* 518 A.2d 1035, 1036 (Me.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 2178, 95 L.Ed.2d 835 (1987). The court's determination that the plaintiff fails to meet the minimum contacts test on the diversity count controls the outcome of the same test on the admiralty count.

Thus, the court lacks personal jurisdiction over the defendant on both the diversity and admiralty counts, and it is not necessary to reach either the defendant's other aruguments or the plaintiff's motion. Ac-

---

**6.** The court is aware that the First Circuit has recognized the "aggregate contacts" theory in federal question cases which raise the personal jurisdiction issue. That theory permits the assertion of personal jurisdiction based on the due process requirements of the Fifth Amendment, rather than the Fourteenth Amendment; thus, if the defendant has sufficient contacts with the United States as a whole, then the court may assert personal jurisdiction. *See Johnson Crea-* *tive Arts v. Wool Masters,* 743 F.2d 947 (1st Cir.1984); *Trans–Asiatic Oil, Ltd. S.A. v. Apex Oil Co.,* 743 F.2d 956 (1st Cir.1984); *Colon v. Gulf Trading Co.,* 609 F.Supp. 1469 (D.P.R.1985). Each of these cases, however, discusses the necessity of an authorized vehicle for service of process alternative to the foreign state's long-arm statute, and thus represents no conflict with the recent and controlling Supreme Court case, *Omni, supra.*

cordingly, the defendant's motion for summary judgment is GRANTED.